Morning everyone. The first case on the call of the docket is Agenda No. 1, Case No. 132403, People v. Post. Mr. Wozniak, are you prepared to proceed with your argument? Yes. Please proceed. Good morning, Justices. May it please the Court, Counsel. My name is James Wozniak with the Office of the State Appellate Defender's First District Office, and I represent the autonomous matter, Jesse Post. When the legislature created the Pretrial Fairness Act and did away with cash bonds, it mandated under subsection I-5 that the circuit court must address a defendant's detention every single time that defendant is before the court. It does not matter if it's for a motion from the state or the defendant or a simple status hearing. Every single time the defendant comes before the circuit court, the court must find that continued detention is necessary. The legislature did not write in the subsection I-5 that the defendant needed to demonstrate that there were new facts or changes in circumstances before the court could revisit detention. The legislature did not place a burden on the defendant. Counsel, I'm wondering, and this is not necessarily something that's at issue here, but I'm wondering, at the circuit court level, as these hearings are taking place, you know, subsequent hearings where, as you indicate, the court is to take a look at the detention and determine whether or not it still needs to continue, what is that looking like on the ground? Do you know? Yes. In my duties with the State Appellate Defender's Office, much of my caseload are detention hearings. What often happens is whatever has occurred at that particular hearing, be it a status or a motion, usually toward the end, the court will say I've considered whatever factors. Sometimes they'll expound a little bit. Sometimes they'll just say I will find that the continued detention of the defendant is necessary for whatever particular reason, whether it's the safety of the public or a particular person or a flight risk. And counsel, for the state and for the defendant, do they do anything? There are times. So like in this case, this hearing was brought by a formal motion of the defendant to address his continued detention. But I have seen, just against standard status hearings where the state might bring some more information or the defense might proffer some information, they're not consistent. But the one consistent thing you do see is judges at least addressing, you know, I'm mandated under the Subsection I-5 to address the continued detention. I still find that continued detention is necessary based on whatever. Okay. Thank you. Do we ignore what took place during the first hearing? No. I think that's part of the global thing that has occurred here. So when a court has to figure out the continued detention, it necessarily has to factor in what it looked at and considered at the original hearing. So are we reconsidering what took place during the first hearing? I wouldn't say you're looking at what occurred at the continuing detention hearing. So, and this kind of goes into the standard of review as well. So in our case, Justice has to file it. So we argue that with the Morgan standard, we may have to file it. But if it's a de novo standard, I think the court can look at not only what occurred at the I-5 hearing, but also consider the information and facts before it. It's not a reconsideration because the legislature has mandated under Section I-5 that the court has to look anew every single hearing whether or not a defendant should be continually detained. So I don't think it's, it should be viewed as a reconsideration of the original detention hearing. It's essentially a new detention hearing each time, although less, the original detention hearing lays out a specific burden, everything that the state has, needs to prove. I think the court doesn't have to, every single time at a subsequent detention hearing, have the state present that information again, find it again. They can start with the fact of, well, I found that at the original hearing, but now as the defendant sits before me at this I-5 hearing, what new information do I have besides what the defendant may have to present? And one of the things that, you know, we're in Springfield, one of the homes of Abraham Lincoln and from the movie Lincoln, time is a great thickener of things. So every single time a defendant comes before a court, the case is in a different posture. Motions have been filed. Maybe witnesses have testified that the court has seen. I was a former prosecutor, and I remember seeing a prosecutor telling me, your case looks the best the day we charge it. It's all downhill from there. Well, from a state's perspective, when these detention hearings are occurring less than 48 hours after someone has been arrested, the evidence that the state proffers probably looks the best. But as the case has progressed, and in my client's case, for almost two years... Counsel, what changed between the first hearing and the second one? What were the changed circumstances that would warrant a different ruling from the trial court? Just list them for me, if you would. In our case, what Jesse testified that was different at this I-5 hearing was that he would live with his parents. He did say he would live with his parents before, I think he said his mom. Now he said his mother and his father, and that he said that they could provide constant supervision of him. That was not part of the original review. He said he would live at his mother's house. He said that he would be willing to be fit with an electronic monitor, and that the other new information that he presented was that he needed to secure some information assistable to his defense. There was not a discussion as to what that specifically was, but that was not brought forward at any of the previous hearings. And the circuit court here viewed this as new information, but what the ruling of the circuit court did was demonstrate in the circuit court's mind a substantial change of circumstances. The appellate court took the opinion that this was not new information, and the defender, Jesse, in this case, had to present new information before the court could even revisit his detection. Is there a need to be a change in circumstances, or a substantial change in circumstances, in one of these review hearings? For what, Justice? To change, to lift the detention. Does there have to be? Yes. I would say no. I would say that the circuit court under the PFA has the ability to release a defendant at an I-5 hearing and not find that there was a change of circumstances. I can't see that happening. As I put it in my briefs, I think there are some circumstances that could occur, but the Rice case... Mr. Wozniak, I want to press you on that because as I looked at this case, it appears that there's no less than four motions for relief or to release the defendant in this case. I don't know that that much really changed. My colleague asked you about what's happening on the ground. Is this common that there are so many motions for relief that a judge has to address regarding each individual defendant? I would say it's not common. Again, the statute mandates that the court has to consider the defendant's detention at every hearing. So it's not the defendant forcing that issue. The statute is what mandates it. Counsel, as far as the statute regarding these hearings, is there any mention of the requirement of a change of circumstances or new information? In the statute itself, I find that there is nothing in... And so can you talk a little bit about, I know you addressed this in your brief, I'm having difficulty envisioning circumstances where a court would release the defendant if nothing has changed. Well, interestingly, one of the things in the old cash bond statute was on the motion of the defendant or the state or on the court's own motion, a court could increase bond, reduce bond, or if the bond had been revoked, order the defendant released. So the old statute even gave the power to the court to say... And there was nothing in there about guidance to the court or when they could do this or what circumstances. The court had the power to alter a bond. And I think that continues in the PFA to give the court, the circuit court, that power. Now, I agree that in most circumstances you can't see a circuit judge doing that, but I think there are some. So, for instance, take the Rice case as a prime example, where you had an original judge detain a defendant that was a case where it was an abuse of animals. So a second judge looked at it and said, well, I don't think that's what the dangerousness of the community stands for to the community of dogs. I think it's a person or persons. And ordered the defendant to be released with conditions. The Rice court ultimately didn't reach the issue of whether or not dangerousness spoke to the community of dogs and found that the defendant should have been released based on his veteran and lack of criminal history. But I think it goes to a court kind of having the ability to correct something that it noticed it did wrong in the initial hearing. I could also, again... So in the civil context, there's a line of cases that hold that a successive judge should exercise particular caution in reversing the decision of a predecessor judge. The judge can, of course, correct an error, but we have held that a successive judge should be very careful in doing that. And I understand that, Justice Breyer. For stability purposes. I think what we need to look at, or what I'm arguing, is that these I-5 hearings are not, again, not reconsiderations. They are a separate, essentially, detention. Because, again, the statute mandates every single time. So it would be akin to the second judge noticing an error or change. But it's not reconsidering or altering that original judge's decision. It's in a new position to make a new decision on detention. Yes, it's continuing. But I guess how do we, as a higher court, say to the judge, okay, we want you to erase everything in your hard drive about what happened at that initial detention hearing. And we want you to look at this with fresh eyes. It just seems practically unworkable. Well, one, the statute mandates a certain court does it. So it's a responsibility of a certain court to look at it every single time. But is that really what the statute mandates? Because the statute directs the trial court to determine whether the continued. Right. And I think that makes a difference. I don't think the original hearing comes into play very much, other than maybe it establishes, I hate to use the word presumption, but it has been found that the person should be detained. And so is that still the case? But we're not talking about starting over and fresh and not considering what's already been determined, right? I think the court can consider what's already been determined. Because otherwise, what is the purpose of my life? I understand this. Obviously, it's continuing because the person has been detained. But if you're mandating the court to look at this every single time. But the statute doesn't say reconsider or look at anew. It just says determine whether the continued detention is necessary, is appropriate. Correct. I mean, are you suggesting that the person gets something akin to an original hearing every time? No. No, I think the court can obviously take judicial notice, whether it's the same judge or a different judge, of what occurred already. We're not asking that the state has to redo the hearing, present, make the arguments that they met all the burdens. The court can start with this was the information that was presented, this was the finding. But the court can still look at that information and determine whether or not. Now, today, if I'm sitting here looking at this defendant, whether it's five days, three months, or in my client's case, two years later, is that original finding still valid? It's anecdotal because it's not my facts in the case, but I was a prosecutor. I was a public defender. We have initial appearance court where the person is fatigued because they've been interrogated by police for hours. They still have the smell of intoxicants on them. They present differently days or months later. But that would be a change of circumstances, right? It would be a change, but it's not a change. Again, what the appellate court found is that the defendant has to bring forward a change of circumstances or present something. And I think that there really, arguably, is always, the case is always in a different posture. There's always a change as you move forward. But there shouldn't be any, the defendant shouldn't be the one that has the burden to present that before a court can visit detention. So in this instance, the defendant brought forth the motion, but you believe that the state has the burden of proof. Yes. So the state has the obvious, the original burden of the initial hearings. And our argument is that that burden exists through continuing detention. There is no explicit burden laid out in I-5, but if the state has the original burden, it makes sense why they would still have some sort of burden in I-5, especially since the Pre-Trial Fairness Act starts with a presumption of a defendant's release. The only way a defendant is detained is a state filing a petition. So it is still the burden on the state to show why this person should be continued to be detained. I see that I'm running short on time here. As for the other issue we raised with the standard of review, we ask that this court follow what it followed in Morgan. It's the same as continuing detention hearings. In our case, it would be the manifesto of the evidence because Jesse did testify at this continuing detention hearing. The importance of, again, the PFA was created by the legislature. It eliminated cash bond, and it starts with the presumption of a defendant's release. It puts a burden on the state to both file a petition and prove that petition before a defendant is detained. Although I-5 is silent as to a burden, I-5 does not say anything about what has to be presented at those hearings before a court can revisit it. I think it's important to take what the legislature put in other sections, such as F-5, where if a defendant is on conditions, the court can put those conditions away without considering new information or new facts. So the legislation obviously understood that terminology and could have put it in I-5 if it chose to. It did not. So we'd ask that this court find that Jesse did not have to present any new information before the court could revisit his detention, that the appellate court should have reviewed this for a manifesto of the evidence standard, and that Jesse's case should be remanded back to the circuit court so that there can be petitions upon release. Any other questions from the court at this time? Thank you, Mr. Wolsey. Good morning, Ms. Bays. Good morning, and may it please the Court. Assistant Attorney General Elizabeth Bays on behalf of the people. This case presents two broad questions for the court. First, what decision is a circuit court actually making at a continued detention hearing? And second, what standard of review applies to that decision? And I'll start with the circuit court's decision, because the standard of review applies to the circuit court's decision. The standard of review turns on what the circuit court is doing. The role of the circuit court at the continued detention hearing is to determine whether anything has changed since the initial detention hearing that merits changing the detention order. So the question is, has anything changed? And counsel, what is the statutory language that supports your position? So the statute directs the circuit court to make findings as to whether, quote, continued detention is necessary. And that word continued, as you pointed out earlier, is important. If the legislature had intended for the circuit court to simply relitigate every issue related to detention afresh, then the legislature could have simply said, make findings as to whether detention is necessary. But the addition of the word continued indicates that the circuit court is to start from the proposition that detention has been necessary at some point, and look at whether those conditions continue to hold. So the question is, has anything changed? The other issue- So, counsel, I mentioned before that I have difficulty envisioning a situation where there wouldn't be some type of change before a circuit judge would release the defendant. The flip side of that is, I'm hesitant to find that there has to be a change, given the language of the statute. And what if a judge needs to correct something, or a new judge, and there's a different take on it? What about that, if we say it has to be a change? So two answers to that, Your Honor. First of all, there are other avenues for a circuit judge to change its opinion that are not the continued detention hearing. A circuit judge always has the opportunity to revisit prior decisions in this interlocutory posture and change them. That's people versus mink. So the circuit court can always do that. That's just not what the continued detention hearing is for. And if the defendant believes that there are issues with the circuit court's prior ruling, the defendant has another avenue, which is the defendant can file a motion for relief, potentially followed by an appeal pursuant to Section 6.1J. And that appeal, like any appeal, allows the defendant to challenge the findings at the initial detention hearing or any later continued detention hearings where he believes there have been problems with the circuit court's reasoning. That's just not the role of the continued detention hearing under I-5, where the court is looking at whether an initial detention that has already been found necessary continues to hold. The other statutory language that's important here, my friend on the other side actually brought up right at the end of his argument, is Section 5F-5, Section 6J, and 6.1I-5, all of which address the circuit court's continuing obligation to revisit the pretrial conditions at every subsequent hearing. And all of those three provisions start with essentially the same language. At every hearing, the circuit court has a revision to revisit the pretrial conditions or the pretrial release conditions. But only Section 5F-5, where a defendant is released, adds additional language, which says that no new information or change in circumstances is necessary. The addition of that language to Section 5F-5 and its removal from Section 6 and 6.1 indicates that in 6 and 6.1 hearings, those continued detention hearings, the circuit court does not have permission from the legislature to change its detention hearing ruling without new information or a change in circumstances. But didn't the legislature know how to add language saying that there must be a change? Presumably the legislature did. But the direction the legislature chose was first to add that continued language to Section I-5 and second to add the you don't need new information from Section 5F-5 rather than Section 6.1. So 6.1 omitting that language indicates that the legislature wasn't giving that permission to act without a change in circumstances. And that makes sense in light of the statutory context here. These hearings are happening at every status hearing. And there's no indication that the legislature indicated that there's supposed to be an entire new hearing at every status hearing having to do with detention. This is simply an opportunity for the parties, either party, to present any change in circumstances that may be relevant to the court. But most of the time, this is not supposed to be a full-blown hearing. And that's particularly clear in a case like this one where defendants had actually already appealed the initial detention hearing. That had already been affirmed. And so any argument absent a change in circumstances would need to proceed from the premise that, one, he'd already had a detention hearing where it was found that it was necessary to detain him. Two, that ruling was correct because it was affirmed by the appellate court. Three, nothing has changed, but somehow the conclusion would be that detention was no longer necessary. That doesn't follow, and there's no indication that the PFA intended for the circuit court to have to entertain such arguments at every single hearing. Rather, it was an opportunity for the defendant to present something new. Counsel, we know that, generally speaking, when we're trying to determine what statutory language means, we look at the actual language. And so I'm struggling with how, when we do that, we determine that a change in circumstances is required when that's completely missing from the statutory language. So, again, it's the omission. And then the word continued. And this Court has found that language like continued actually imposes an obligation for the circuit court to look for changes. That's People v. Standridge, where this Court was considering the SVP Act. But in that case, wasn't it a situation where the statutory language imposed the obligation to literally say there has to be a change in circumstances? So the SVP Act does have that language, Your Honor. But interestingly, this Court's opinion did not turn on that language. The — Did the Court need to address that issue since the language was in the statute? The Court actually did address the question of whether words like still or no longer changed the meaning of the statute. And the Court explicitly held in Standridge that where the legislature has said is still necessary or the defendant is still an SVP or is no longer an SVP, that imposes a requirement that the circuit court look for a change in circumstances and not simply relitigate the initial finding. But that was under the circumstances where the statutory language said that the circuit court had to look for a change. That's correct, Your Honor. So it's not apples to apples. It's not quite apples to apples. You're right, Your Honor. But I would note that the Court's ruling in Standbridge did not turn on the language you've identified. And so if we follow the language this Court actually put in Standbridge, it is apples to apples in that the Court in Standbridge said just the addition of still and no longer was enough. And here we have the addition of the word continued. I would also note, Your Honor, that if the question for the Court is whether anything has changed, then the appropriate standard of review is abuse of discretion. And I note here that this is not Morgan. In Morgan, the question for the Court was whether the initial detention hearing should be reviewed for abuse of discretion. At the initial detention hearing, as this Court noted, the question for the circuit court is whether the people have met their tripartite burden of proof as imposed by Section E of the PFA. Here, there is no burden of proof imposed by the PFA, and so the manifest weight standard imposed in Morgan is a bit of a mismatch. Instead, the question for the Court is whether new information, change in circumstances, anything presented at the continued detention hearing changes the prior ruling. And so it's much more like the case we have in reconsideration motions to 1401 petitions, motions to reopen proof, where the question is, does something new change an older ruling? And all of those types of situations are reviewed for abuse of discretion. As a result, because the same framework applies here, abuse of discretion is the appropriate standard. But, Your Honors, regardless of what standard of review applies to this case, this Court should affirm the appellate court's decision affirming the circuit court's decision that continued detention was necessary. Here, the circuit court has... In your standard of review question, in your brief, you make a point that because the court, in determining whether continued detention is necessary, makes a prudential determination that it should be reviewed for abuse of discretion. I'm not familiar with this concept. And what I'm suggesting to you is that isn't every decision of a trial judge supposed to be prudent? Of course, every decision of a trial judge. So then all their decisions are reviewed for abuse of discretion. Not quite, Your Honor. So if the question for the circuit court is, has a party met its burden of proof, that's a binary question, as this Court has held in Morgan. And it's reviewed for manifest weight, because the question is, do the facts have sufficient weight? But if the question is, we're going to make factual findings, and then we have to decide what to do about them, for example, does this change something? But also, for example, in the sentencing context, where the circuit court may make factual findings about the defendant's history and characteristics, and then we'll decide, okay, what do we do about that? What sentence to impose? That kind of additional prudential decision is reviewed for abuse of discretion. So here, the circuit court might make factual findings. For instance, I find that defendant's mother is not going to be able to monitor him around the clock because she has significant health conditions, as in this case. That's a factual finding. But then the circuit court has to decide, what do I do about that? Does that change my prior ruling? And so, as in the motion for reconsideration context, or the motion to reopen proof context, that additional prudential decision is reviewed for abuse of discretion. So here, the circuit court had already found, and the appellate court already affirmed, the decision that defendant was a danger to the community as a result of at least eight inappropriate sexual relationships with minors. And it had already found, and the appellate court already affirmed, that he was an unmitigable danger, and that specifically, his plan to live with his parents in St. David, Illinois, under electronic monitoring and promising to abide by the terms of conditional release was insufficient. And then he came back at the continued detention hearing, and he presented functionally the same plan, that he was going to live with his parents in St. David, Illinois, under electronic monitoring, and promise to abide by the terms of pretrial release. The only allegedly new information that he presented was that his mother stayed at home, and he said that that would mean that she could watch him around the clock, but then in the same breath, it turned out that she had medical conditions that would prevent her from doing so effectively. So are you saying that was insufficient to constitute a change in circumstances? The kind of material change in circumstances that the court found relevant to change things. Right? So the defendant can't just say a new sentence that the circuit court hasn't heard before, and then have that change the outcome. The question is, have they presented a change in circumstances that causes the circuit court to change its mind? So here, yes, he did say something new, which was that his mother stayed at home. That's unquestionably new. But it wasn't the kind of new information that made any difference to the circuit court, because she wasn't going to be able to monitor him around the clock. So, I mean, if we're looking at it that way, how is that applied? I mean, so as far as guidance for judges at the circuit court level. So not only does it need to be a change in circumstances, it needs to be a substantial change. I mean, I guess saying that someone would watch me around the clock, that I would be supervised 24 hours a day, that seems like a change. So here the issue was that the circuit court found she wouldn't be able to watch him around the clock. It might be different if she had been able to watch him around the clock. We don't know what the circuit court would have thought in that particular case. The question for the circuit court is whether there has been a change that causes the circuit court to think something material is different. But your position, and correct me if I'm wrong, is that he did not even allege a change in circumstances. Is that your position? No, Your Honor. He actually did allege that there was a change in circumstances. It just wasn't special. He did allege a change in circumstances. Of course, Your Honor. So in his initial motion, he said there has been a change in circumstances. He certainly alleged that there was a change in circumstances. It's just that the circuit court then found that there wasn't a kind of material change in circumstances that would change its mind because his mother was not able to monitor him. And as a result, he wasn't the danger had not been mitigated. And no combination of circumstances could mitigate that danger. So because there was no material change in circumstances in this case, because defendant presented such a danger to the community, this Court should affirm the appellate court's judgment and the circuit court's judgment. If the Court has no further questions, we ask that you affirm the appellate court. Thank you, Ms. Bates. Counsel, the abuse of discretion, is that the appropriate standard of review? Is abuse of discretion the appropriate standard of review? In this case. No, I would say that Morgan is the appropriate standard of review, which would be, in our scenario, a manifest way to the evidence because Jesse testified at that continuing detention hearing. Had he not, it would have been de novo, as Morgan laid out. I think some of the questions, there is some unique postures about this case, which is the circuit court found there was new information presented. It just found that that new information, and again, it's changed circumstances or new facts, is what the appellate court says. The circuit court said it wasn't sufficient. It was not a substantial change in circumstances, but for whatever reason, the appellate court seemingly ignores the circuit court's finding there and says, well, it wasn't new facts. It wasn't a change in circumstances. We also have, as the standard of review, is that in Morgan, the state agreed that abuse of discretion was not the proper standard. In this case below, my colleague was not the one that filed the response brief below, but in that case, they argued that Morgan was the proper standard. It was the appellate court that came up with abuse of discretion should be the proper standard of review here. It does present some unique postures. I think what we need to look at is we had a cash bail system, and when a judge set an amount, it was yes to secure the appearance of a defendant if they posted it, but there was always the safety of the community kind of factored into whatever number the judge chose. That's why misdemeanor cases have lower bonds than felony cases, and the more severe the case, the bond would often exceed bailout. One of the reasons the legislature went away from the cash bond was that you had people languishing in jail that could not post sometimes what we all might see as insubstantial amounts of money. So what the legislature decided to do was every time a defendant's going to come before a court, the court's going to look at that defendant, is going to look at what has occurred at that hearing and every hearing before and say, does this defendant still need to be detained? I-5 still requires that the court looks at the specific articulable facts of the case and also still has to look at the, depending on what they found, either whether or not the defendant is still a willful flight risk or a danger to the community or person, but they need to address whether or not that defendant should be continually detained. And there's a presumption of release. But not at a continuation, not at this stage of the game. That's only initially, isn't it? I would argue that the presumption does not go away. The court can still view it differently. They've presented information initially and they've made a finding, but I don't think that that presumption, it may dissipate. It might be a little less in the court's balancing, but it is still there. And I think, I mean, again, a defendant cannot be detained in the state of Illinois absent the state filing a petition. It's the only way it's going to happen. If a person's placed on conditions, the court can remove those conditions without any specific new information or facts being presented, again, demonstrating the legislature's intent to have people release, release with less conditions or no conditions pre-trial. Obviously, there is the safety aspect that the court has to consider in detainment or the willful flight, and that is a consideration that the court makes a determination at the initial hearing. And that determination, it doesn't, the, you know, some of the, there's a myriad of examples I could see is if you have a case where the judge got proffered information at the beginning that there's an eyewitness that said this person, this defendant did something to him, and now subsequently there's been motions where that witness has testified, well, the judges sat and made credibility determinations on that specific motion. The court should be able to utilize that information and say, you know, when I originally detained the defendant based on proffered evidence of what this person said, and now I've heard them speak, I don't view that the same way. I don't view that level of dangerousness as much as I did 48 hours after they arrested, and now I would make a different decision. Well, that is a change of circumstances, isn't it? Live testimony versus a proffer? Yeah, yes. It's not unusual that you might have a completely different take on live testimony. I guess my posture is that at every single time that a defendant is before a court, there is a change of circumstances. Let me ask you this. Here you have a detention hearing that's a detention order that's affirmed on appeal. Yes. The state argues that the law of the case doctrine suggests that there has to be a change of circumstances, otherwise you're going to butt up against that doctrine. The law of the case doctrinism I don't think applies here, because the statute is mandating the court every single time make a determination. So it is a new determination. It is not found by the original detention hearing. But how can that be so if each subsequent hearing there is no requirement that the state make any motions or the defense? So then if this is a new hearing, are you placing the judge in almost an advocacy position based on what you consider the presumption? You say the presumption continues throughout? I think the presumption continues, but the court still has to consider whatever the danger, in this case a dangerous finding, is still making that decision. Because there was an original finding, but maybe later on the court doesn't feel that the defendant is as dangerous, or maybe not dangerous at all. And I think importantly in the original cash bail statute, the court had the power to reduce, increase, or release a defendant whose bond had been revoked. And there was nothing in the statute that said that the court had to do it for a particular reason or lay out some factual grounds for doing so. So all it says is that if it does release a person whose bond has been revoked, that they have to stay on the record as their findings as to why. But it didn't say that. So I think that was in the old statute. There's nothing in the PFA that suggests that the court still doesn't have that power. Counsel, does this really go back to your opening statement, that sometimes just time passes? Yes. Again, it's anecdotal, but I have been in a courtroom where a case has lingered on, lingered on, and it's set for trial. And this is when the cash bond, and it's set for trial on a Monday, and everyone thinks it's gone, and now it's the state who's asked for a continuance. It has no impact on CED, and I've seen judges say, all right, defendant's walking free now because it's on due delay. And they had the power to do that under the old cash bond system. I think a court can look at, with the passage of time. Counsel, let me ask you, just following up on your statement several times, things change and the defendant presents differently over the passage of time, and even without a change in circumstance. I think I understood you to say it would be okay for the trial judge to review his or her earlier decision and decide, you know, this defendant will get to go free. Is that an accurate depiction of what you said? Or what your position is? I think, one, what I'm saying is that there's just always a change in circumstance because the case is always different. I think one of the issues that we have here with the appellate profound is that the defendant has the burden to show that change of circumstances or the new facts. And what I'm saying is that the court can, yes, consider whatever's happened. Even without any change in circumstance. Is that what you said? If the judge just decides the passage of time, the person presents differently, and, you know, I think you used an example of being tired and smelling of intoxicants, now he's all cleaned up and he looks different, so the judge can look at the same set of circumstances and come to a different conclusion about detention. Is that your position? Yes, I think the court has the ability to then release a defendant in that scenario. So, in other words, in this case you're saying that the defendant, the judge, could and should have looked at the defendant differently based on the passage of time. So what is the standard of review based on that theory? Well, I think the standard of review should be what this court laid out in Morgan because if the court's still making a... Why isn't it abuse of discretion? So what this court found in Morgan, why abuse of discretion was not proper, was that the decision... Well, I'm not talking about, I'm talking about under the facts of this case as you and I just talked about as you agreed your theory is, why isn't this abuse of discretion? I think that the court, because of the decision of detention and the importance of detention, of the clients, the defendants of liberty, also the safety of the public as part of it, is that that decision, the reviewing court, needs to be able to review whatever evidence has been presented. If there's evidence, though, it may not necessarily be evidence, it may still give you some deference to the trial court, but allowing the reviewing court to make a decision, and if nothing's been offered to look at it as a de novo, it protects really the appellate courts, the reviewing courts, to make a decision. If abuse of discretion is fanciful or it's a very difficult standard to overturn, so if a reviewing court sees a judge... Mr. Wolosiak, you need to make a concluding remark, please. Justices, again, what we ask is that this court apply the Morgan Standard Review, find that Jesse's presented evidence, and that the circuit court's finding that he should still be detained was against the manifest way of the evidence. And we ask that this case be remanded back to the circuit court for conditions upon release hearing. Thank you, Justices. Thank you very much, Mr. Wolosiak. Case number 132403, People v. Post, is taken under advisement as agenda number one. We thank the attorneys for their arguments.